# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No.  **CR00-4087-DEO** |
| vs. | **REPORT AND RECOMMENDATION** |
| STEWART VANMAASDAM, JR., | **ON PETITION TO REVOKE** |
| Defendant. | **SUPERVISED RELEASE** |

---

## *I.  INTRODUCTION*

On October 2, 2001, the defendant Stewart Van Maasdam, Jr. was sentenced by the Honorable Donald E. O'Brien to a total of 77 months' incarceration and three years' supervised release on charges of unlawful transport of firearms in violation of 18 U.S.C. § 924(a)(2).  *See* Doc. Nos. 1 & 21.   On July 6, 2007, Van Maasdam began serving his term of supervised release.

Van Maasdam has been the subject of numerous prior revocation proceedings, and has had his term of supervised release modified on four separate occasions, as detailed in the Petition for Warrant for Offender Under Supervision.  Doc. No. 77.  Most recently, on July 2, 2010, Van Maasdam commenced his fourth term of supervised release, a special condition of which was his placement at the Residential Reentry Center ("RRC") for a period up to 180 days.  Doc. No. 76.  Special Condition 4 of the terms of Van Maasdam's supervised release required him to "abide by all rules and regulations of the [RRC]."  *Id.*, p. 4.

On December 1, 2010, United States Probation Officer Christopher Hopper filed a petition for issuance of a warrant for Van Maasdam's arrest based on an alleged violation of this conditions of supervised release.  Hopper alleged Van Maasdam had violated Special Condition #4 on three occasions: (1) "On September 13, 2010, [he] was in

unauthorized possession of money"; (2) "On November 23 [sic[1]], 2010, [he] was in unauthorized possession of money"; and (3) "On November 23, 2010, [he] had knowledge that there was dangerous contraband in his vehicle." Doc. No., 77, p. 3. In addition, Hopper alleged Van Maasdam had violated Mandatory Condition 7, which requires him to refrain from any unlawful use of a controlled substance. Hopper alleged, "On November 20, 2010, [Van Maasdam] submitted a urine sample for drug testing that was presumptive positive for amphetamines." *Id.* As a result of these violations, Hopper recommended Van Maasdam be brought before the court for a revocation hearing, and a warrant was issued for his arrest.

The matter came on for hearing before the undersigned on December 3, 2010, for a report and recommendation on the plaintiff's motion to revoke the defendant's term of supervised release. Doc. No. 77. The plaintiff (the "Government") was represented by Assistant United States Attorney Shawn Wehde. Van Maasdam appeared in person with his attorney, Assistant Federal Defender Mike Smart. The Government offered the testimony of USPO Hopper. USPO Richard Niles also gave a statement as an officer of the court. Van Maasdam testified in his own behalf. The court has considered the evidence and the arguments of counsel, and makes the following findings of fact and recommendation.

## II. FINDINGS OF FACT

Preliminarily, the court notes the presumptively positive drug test came back negative. The Government does not contest this result, and the court finds no violation of Mandatory Condition 7 occurred.

---

[1] The actual dates alleged in the RRC Report of Violation are November 3rd, 10th, and 17th, 2010. *See* Doc. No. 77, p. 5. The date of the report was November 23, 2010. *Id.*

With regard to Van Maasdam's unauthorized possession of monies, the court finds the following facts. The RRC has a procedure in place that require residents to turn over the full amount of their paychecks from employment. The RRC then deducts amounts due for the resident's rent. If a resident wants money for personal items, gas, or the like, the resident fills out a budget request form. Once approved, the additional monies are returned to the resident the following week. *Cf.* Doc. No. 77, p. 5.

In September 2010, Van Maasdam made a budget request for money to pay for a set of Snap-On tools that he wanted to purchase from a co-worker. Van Maasdam testified that many co-workers owned their own tools, although tools would be provided by his employer if a person did not have their own tools. When the RRC staff received his request for money to purchase tools, they contacted Van Maasdam's employer to ask if the employer was requiring Van Maasdam to purchase tools. The employer responded in the negative, indicating tools would be provided if he did not have his own. The budget request was, therefore, denied. Van Maasdam talked with the RRC staff member involved, explaining that he never said the tools were required; rather, he asked for the funds to be returned to him so he could buy his own tools. It was Van Maasdam's understanding that both he and the staff member agreed there had been a miscommunication and misunderstanding, and that he was authorized to withhold an amount from his September 13, 2010, paycheck to pay the co-worker for the tools. To Van Maasdam's knowledge, this incident was to be removed from his record as a violation, and the matter was closed.

The court finds Van Maasdam's testimony to be credible on this issue, and finds that no violation occurred with regard to unauthorized possession of monies from the September 13, 2010, paycheck.

With regard to the November paychecks, Van Maasdam admitted that he failed to turn in the money from his paychecks from November 10 and 17, 2010. He stated he had given the money to his pregnant ex-girlfriend so she could pay her rent and avoid being

evicted from her apartment. He then turned in his next two paychecks and did not seek any refund from either of them, so he could make up the difference that he owed the RRC for his rent. It is his understanding that with the paycheck he turned in on Wednesday, December 1, 2010, he is caught up on his rent. Van Maasdam nevertheless agrees that he did not have prior authority to withhold these monies, and his retention of them and payment to his ex-girlfriend was a violation of the RRC's rules.

The court finds Van Maasdam's failure to turn in his paychecks from November 10 and 17, 2010, constituted a violation of the RRC's rules, which accordingly constituted a violation of Special Condition 4.

Finally, with regard to the contraband found in Van Maasdam's vehicle, a vehicle search conducted on November 20, 2010, yielded two glass pipes and a large hunting knife that were found in Van Maasdam's glove box. Van Maasdam testified that these items did not belong to him, but instead belonged to another RRC resident, Jesse Patrick, who rides to and from work with him. Patrick has admitted to ownership of the items. Van Maasdam further testified that he was not aware Patrick had placed the items in his truck until he was confronted with the discovery by RRC staff.

The court finds Van Maasdam's testimony to be credible on this issue, and finds no violation occurred.

### III. ANALYSIS

Had the court found that Van Maasdam knew the contraband was in his vehicle, or had his drug test been positive, the Government would have recommended Van Maasdam be returned to prison for a term of just over one year, with no further supervised release thereafter. Based on this record, however, the Government revised its request, and instead asks that Van Maasdam be sentenced to some appropriate period to punish him for the rules violation.

Van Maasdam agrees that he should not be rewarded for violating the rules by terminating his supervised release early. Notably, the RRC has refused to allow Van Maasdam to return there based on the rules violations. However, Van Maasdam has been furloughed on weekends to the home of co-worker Jason Eihls, and he could return to live there if he is not revoked.

Van Maasdam has a job at which he is advancing. He has obtained a commercial driver's license (CDL) and is taking classes online at work to earn additional certifications. He has purchased a vehicle. He is current on his child support payments and is making payments on back child support. He has procured and pays for health insurance for himself and his minor son. He asks that any sentence for the rules violations allow him to maintain his employment and to continue paying his child support and other obligations.

In order to modify the terms or conditions of supervised release, the "district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993) (citing 18 U.S.C. § 3583(e)(3)). The district court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

The undersigned finds by a preponderance of the evidence that Van Maasdam violated the terms and conditions of supervised release. Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in section 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

(a)     . . . The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

     \*   \*   \*

     (B) to afford adequate deterrence to criminal conduct;

     (C) to protect the public from further crimes of the defendant; and

     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

\*   \*   \*

(4) the kinds of sentence and the sentencing range established for –

     \*   \*   \*

     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

     (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in section 3583(e). Accordingly, the court turns to consideration of the factors set forth above.

## A.    *Nature and circumstances of offense, and Van Maasdam's history and characteristics*

Van Maasdam's original offense arose from his unlawful transport of firearms. The facts of the case and Van Maasdam's seventy-seven month federal sentence indicate the crime was serious.

Of greater concern is Van Maasdam's conduct while on supervised release. He has had numerous violations, and has had four additional terms of supervised release imposed. The court finds this factor weighs heavily in favor of the Government's petition for revocation. Van Maasdam's history indicates he is not amenable to supervision and is likely to continue to violate terms of release unless he receives a sanction of sufficient severity to impress upon him the necessity of his compliance in the future.

However, Van Maasdam's recent conduct while at the RRC, his advancement at work, and his payment of his financial obligations all are mitigating factors the court will consider in making a recommendation regarding sentence.

## B.      Deterrence of criminal conduct

Any modification of supervised release imposed upon Van Maasdam must "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(1)(2)(B).  The court finds that imposing a lengthy term of imprisonment is not necessary to deter further criminal conduct by Van Maasdam.  The current violations were of a relatively minor nature, and Van Maasdam's employment history and the meeting of his financial obligations weigh in favor of something less than a term of imprisonment.

## C.      Protection of the Public from Further Crimes

Any modification of Van Maasdam's term of supervised release must protect the public from further crimes.  18 U.S.C. § 3553(a)(2)(C).  The court finds that a limited term of imprisonment would satisfy this requirement.

## D.      Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Van Maasdam is taking online courses through his employment to better himself and his position at his job.  The court finds that allowing him to continue in this endeavor would benefit both him and society.

## E.      Sentencing Considerations

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of Van Maasdam's sentencing.  18 U.S.C. § 3553(a)(5).  The court finds two such policy statements to be relevant to this inquiry.  The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations.  Van Maasdam has committed Grade C violations.  A Grade C violation consists of:

> conduct constituting (A) a federal, state, or local offense
> punishable by a term of imprisonment of one year or less; or
> (B) a violation of any other condition of supervision.

Having so found, the Court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation:

> Upon a finding of a Grade C violation, the court may (A)
> revoke probation or supervised release; or (B) extend the term
> of probation or supervised release and/or modify the condi-
> tions of supervision.

U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Should the court revoke Van Maasdam's supervised release, his recommended range of imprisonment pursuant to the Sentencing Guidelines would be eight to fourteen months, with a maximum statutory imprisonment of two years. *See* U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e)(3).

Should the court decide not to revoke Van Maasdam's term of supervised release, the court may "modify, reduce, or enlarge the conditions of supervised release" as prescribed by the statue and Rule 32.1, Federal Rules of Criminal Procedure. *Id.*

## F.     *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

## G.     *Recommendation*

Upon consideration of all of the above factors, the undersigned recommends Van Maasdam's term of supervised release be **modified** as follows. The court recommends Van Maasdam be ordered to serve ten days in jail, to be served on five consecutive weekends beginning immediately, or as soon as the Bureau of Prisons designates, and for

such hours and at such times as the Bureau of Prisons designates. The court further recommends that Van Maasdam's term of supervised release be extended to the date when he completes these ten days in jail, and that his term of supervised release then be terminated.

## IV. CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[2] to this Report and Recommendation, that the Government's motion to revoke Van Maasdam's supervised release be **denied**, consistent with the above opinion.

Objections must be filed **by December 6, 2010**. Responses to objections must be filed **by December 7, 2010**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of December, 2010.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2]Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.