IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STEWART LEE VAN MAASDAM, JR.,<br><br>　　　　Defendant. | No. 00-CR-4087-DEO<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION ON MOTION TO REVOKE SUPERVISED RELEASE** |

_____

## I.　INTRODUCTION AND BACKGROUND

The "Report and Recommendation On Petition to Revoke Supervised Release" (Docket No. 84) is before the Court for review. The December 3, 2010, Report and Recommendation sets out the relevant issues as follows:

> On December 1, 2010, United States Probation Officer Christopher Hopper filed a petition for issuance of a warrant for Van Maasdam's arrest based on an alleged violation of [his] conditions of supervised release. Hopper alleged Van Maasdam had violated Special Condition #4 on three occasions: (1) "On September 13, 2010, [he] was in unauthorized possession of money"; (2) "On November 23 [sic], 2010, [he] was in unauthorized possession of money"; and (3) "On November 23, 2010, [he] had knowledge that there was dangerous contraband in his vehicle." Doc. No., 77, p. 3. In addition, Hopper alleged Van Maasdam had violated Mandatory Condition 7, which requires him to refrain from any

unlawful use of a controlled substance. Hopper alleged, "On November 20, 2010, [Van Maasdam] submitted a urine sample for drug testing that was presumptive positive for amphetamines." Id. As a result of these violations, Hopper recommended Van Maasdam be brought before the court for a revocation hearing, and a warrant was issued for his arrest.

The Court further adopts Chief Magistrate Judge Paul A. Zoss's factual findings, which state the following:

> Preliminarily, the court notes the presumptively positive drug test came back negative. The Government does not contest this result, and the court finds no violation of Mandatory Condition 7 occurred.
>
> With regard to Van Maasdam's unauthorized possession of monies, the court finds the following facts. The RRC has a procedure in place that require residents to turn over the full amount of their paychecks from employment. The RRC then deducts amounts due for the resident's rent. If a resident wants money for personal items, gas, or the like, the resident fills out a budget request form. Once approved, the additional monies are returned to the resident the following week. Cf. Doc. No. 77, p. 5.
>
> In September 2010, Van Maasdam made a budget request for money to pay for a set of Snap-On tools that he wanted to purchase from a co-worker. Van Maasdam testified that many co-workers owned their own tools, although tools would be provided by his employer if a person did not have their own

tools. When the RRC staff received his request for money to purchase tools, they contacted Van Maasdam's employer to ask if the employer was requiring Van Maasdam to purchase tools. The employer responded in the negative, indicating tools would be provided if he did not have his own. The budget request was, therefore, denied. Van Maasdam talked with the RRC staff member involved, explaining that he never said the tools were required; rather, he asked for the funds to be returned to him so he could buy his own tools. It was Van Maasdam's understanding that both he and the staff member agreed there had been a miscommunication and misunderstanding, and that he was authorized to withhold an amount from his September 13, 2010, paycheck to pay the co-worker for the tools. To Van Maasdam's knowledge, this incident was to be removed from his record as a violation, and the matter was closed.

The court finds Van Maasdam's testimony to be credible on this issue, and finds that no violation occurred with regard to unauthorized possession of monies from the September 13, 2010, paycheck.

With regard to the November paychecks, Van Maasdam admitted that he failed to turn in the money from his paychecks from November 10 and 17, 2010. He stated he had given the money to his pregnant ex-girlfriend so she could pay her rent and avoid being evicted from her apartment. He then turned in his next two paychecks and did not seek any refund from either of them, so he could make up the difference that he owed the RRC for his rent. It is his understanding that with the paycheck he turned in on Wednesday, December 1, 2010, he is caught

>up on his rent. Van Maasdam nevertheless agrees that he did not have prior authority to withhold these monies, and his retention of them and payment to his ex-girlfriend was a violation of the RRC's rules.
>
>The court finds Van Maasdam's failure to turn in his paychecks from November 10 and 17, 2010, constituted a violation of the RRC's rules, which accordingly constituted a violation of Special Condition 4.
>
>Finally, with regard to the contraband found in Van Maasdam's vehicle, a vehicle search conducted on November 20, 2010, yielded two glass pipes and a large hunting knife that were found in Van Maasdam's glove box. Van Maasdam testified that these items did not belong to him, but instead belonged to another RRC resident, Jesse Patrick, who rides to and from work with him. Patrick has admitted to ownership of the items. Van Maasdam further testified that he was not aware Patrick had placed the items in his truck until he was confronted with the discovery by RRC staff.
>
>The court finds Van Maasdam's testimony to be credible on this issue, and finds no violation occurred.

After reviewing all of the evidence, Judge Zoss concluded that Van Maasdam violated the terms and conditions of supervised release. After considering all of the factors set forth in 18 U.S.C. § 3553(a), Judge Zoss recommended that Van Maasdam's term of supervised release be modified as follows:

> Van Maasdam be ordered to serve ten days in jail, to be served on five consecutive weekends beginning immediately, or as soon as the Bureau of Prisons designates, and for such hours and at such times as the Bureau of Prisons designates. The court further recommends that Van Maasdam's term of supervised release be extended to the date when he completes these ten days in jail, and that his term of supervised release then be terminated.

Judge Zoss recommended that the Court deny the Government's motion to revoke supervised release.

## II. ANALYSIS

This Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

However, a district judge is only required to make a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the

5

proposed findings or recommendations to which no objections are filed are reviewed only for plain error. See United States v. Maxwell, 498 F.3d 799, 801 n.2 (8th Cir. 2007) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report and recommendation were filed); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994) (same). In this case, neither party filed an objection to Judge Zoss's Report and Recommendation; thus, the Court will review the Report and Recommendation for plain error.

This Court has reviewed the Report and Recommendation and has found no plain error. The Court has dealt with Van Maasdam extensively in the past and was encouraged by his obvious signs of improvement the last time it saw him, in that he was on medication and seemed to be in better spirits. The Court found him credible then and has no reason to question Judge Zoss's credibility findings or recommendations now.

## III. CONCLUSION

Judge Zoss recommends that the Court deny the Government's motion to revoke supervised release and instead modify Van Maasdam's conditions of supervised release. No objections to the Report and Recommendation were filed in this

case, and it appears to the Court upon review of Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Paul A. Zoss's Report and Recommendation (Docket No. 84). The motion to revoke supervised release (Docket No. 77) is **denied**.

**IT IS FURTHER HEREBY ORDERED** that Van Maasdam's conditions of supervised release are modified as follows:

Van Maasdam is ordered to serve ten (10) days in jail, to be served on five (5) consecutive weekends beginning immediately, or as soon as the Bureau of Prisons designates, and for such hours and at such times as the Bureau of Prisons designates. Van Maasdam's term of supervised release is extended to the date on which he completes these ten (10) days in jail, and his term of supervised release shall be terminated at that time.

**IT IS SO ORDERED** this 14th day of December, 2010.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa